IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-80466 |
| | ) | |
| KRISTI A. BRUMMER, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |
| FIRST NATIONAL BANK OF OMAHA, | ) | ADV. NO. A06-08091 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KRISTI A. BRUMMER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter was presented to the Court on a Motion for Summary Judgment filed by Plaintiff, First National Bank of Omaha (Fil. #22), and a Resistance filed by Defendant, Kristi A. Brummer (Fil. #34). Matthew E. Eck appeared for First National Bank of Omaha ("First National Bank"), and Howard T. Duncan appeared for Kristi A. Brummer ("Brummer"). The motion was taken under advisement as submitted without oral arguments. The underlying issue in this case is whether a loan made by First National Bank to Brummer should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(B).

In June 2004, Brummer obtained from First National Bank a home equity line of credit in the amount of $33,900.00. As part of her application for that loan, Brummer represented to First National Bank that her monthly income was $6,500.00. The amount of the line of credit was increased to $48,000.00 in July 2004. The line of credit was secured by a second mortgage encumbering Brummer's residence.

In July 2005, Brummer applied for and received a new loan from First National Bank in the amount of $48,321.47. The 2005 loan was apparently used to pay off the 2004 line of credit. The 2005 loan was also secured by a second mortgage against Brummer's residence. In her loan application for the 2005 loan, Brummer represented her monthly income to be $4,900.00.

According to Brummer's tax returns, her actual gross income for calendar year 2004 was $31,325.00, and her actual gross income for calendar year 2005 was $29,730.00. The holder of the first mortgage subsequently foreclosed its lien and Brummer is indebted to First National Bank for the entire amount of her outstanding loan balance of approximately $52,000.00.

As a result of the discrepancies between Brummer's actual income reported on her tax returns and the income represented on her loan applications, First National Bank asserts that

Brummer's obligations to First National Bank should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(B), which provides as follows:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –
> \* \* \*
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
> \* \* \*
> (B) use of a statement in writing –
> (i) that is materially false;
> (ii) respecting the debtor's or an insider's financial condition;
> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> (iv) that the debtor caused to be made or published with intent to deceive[.]

In opposition to First National Bank's motion, Brummer asserts that, among other things, she did not make misrepresentations to First National Bank, she did not intend to deceive First National Bank, and that First National Bank did not justifiably rely upon the income information submitted by Brummer.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the nonmoving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

Upon a motion for summary judgment, the initial burden of proof is allocated to the movant in the form of demonstrating "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. at 325; *see Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 1997), *cert. denied sub nom. Hinkel v. Hinkel*, 522 U.S. 1048 (1998); *Jafarpour v. Shahrokhi (In re Shahrokhi)*, 266 B.R. 702, 706-07 (B.A.P. 8th Cir. 2001); *Nelson v. Kingsley (In re Kingsley)*, 208 B.R. 918, 920 (B.A.P. 8th Cir. 1997).

When the movant makes an appropriate showing, the burden then shifts to the nonmoving party "to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(c), (e)).

One of the essential elements under 11 U.S.C. § 523(a)(2)(B) is the intent to deceive. First National Bank asserts that the substantial discrepancy between Brummer's actual income and the income she represented on her loan application, together with Brummer's experience in the mortgage lending field, is evidence of her intent to deceive using a "totality of the circumstances" test. *Master Fin., Inc. v. DeJulio (In re DeJulio)*, 322 B.R. 456 (Bankr. M.D. Fla. 2005).

Brummer, on the other hand, asserts that she had just started her own mortgage business six months prior to the loan made in 2004 and that she apparently commingled her personal funds with the mortgage business that she owned and operated. Specifically, Brummer asserts that the monthly income represented on her loan application was based on previous years' income as well as income she expected to earn from loans she had in process and expected to close in the upcoming months. Brummer provided evidence through her company checking account showing income for several months in 2004 and 2005 to be in excess of the amounts represented on the loan applications.

There is no dispute that Brummer's actual monthly income, based on her yearly gross income averaged over 12 months, was substantially less than the amount she represented in her loan applications. However, in resistance to the motion, Brummer has presented some evidence explaining the numbers she used and should be given an opportunity to present her testimony to the Court. Genuine issues of material fact remain as to whether Brummer intentionally overstated her income, whether she was knowingly reporting only her personal income or the gross income of her corporation, and whether she overstated her income with an intent to deceive First National Bank. A further issue of fact to be decided is whether First National Bank reasonably relied upon Brummer's income representations.

Accordingly, since genuine issues of material fact need to be decided, First National Bank's motion for summary judgment must be denied.

IT IS ORDERED that First National Bank's Motion for Summary Judgment (Fil. #22) is denied. The Court will issue an order setting this matter for a one-day trial.

DATED: June 14, 2007.

BY THE COURT:

 /s/ Thomas L. Saladino 
United States Bankruptcy Judge

Notice given by the Court to:
    *Matthew E. Eck
    Howard T. Duncan
    Richard D. Myers
    U.S. Trustee
Movant (*) is responsible for giving notice to other parties if required by rule or statute.